# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-5317 PA (Ex) | Date | October 16, 2015 |
|---|---|---|---|
| Title | Sara Carmona v. Johnson & Johnson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Sara Carmona ("Plaintiff"). (Docket No. 35.) Defendants Ethicon, Inc. and Ethicon, LLC (collectively "Defendants") have filed an Opposition (Docket No. 47), to which Plaintiff has submitted a Reply (Docket No. 52). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 26, 2015 is vacated, and the matter taken off calendar.

## I.      Procedural Background

Plaintiff is one of sixty-seven women who filed an action against Defendants and Johnson & Johnson, Inc.[1] in Los Angeles County Superior Court on December 30, 2013. Plaintiff and her co-plaintiffs alleged injuries caused by transvaginal mesh implants. The case was removed to the Central District of California on February 5, 2014 and remanded on March 12, 2014. The Superior Court granted a motion to sever on June 22, 2015. Defendant Ethicon, LLC, which has not been served in this matter, subsequently removed Plaintiff's individual case to this Court based on diversity jurisdiction.

## II.     Analysis

Plaintiff raises two general arguments in support of her Motion to Remand: (1) that removal based on an "involuntary" severance of a case that originally included non-diverse plaintiffs is precluded by the "voluntary/involuntary" rule and (2) that removal is untimely under 28 U.S.C. § 1446(c). Plaintiff's counsel recently raised similar arguments in motions to remand the cases of Plaintiff's co-plaintiffs from the original state court action. United States District Judge Jesus Bernal denied these motions. As discussed below, the Court finds Judge Bernal's reasoning persuasive.

### A.      The "Voluntary/Involuntary" Rule

"[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the

---

[1]      Johnson & Johnson, Inc. was dismissed on June 22, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5317 PA (Ex) | Date | October 16, 2015 |
|---|---|---|---|
| Title | Sara Carmona v. Johnson & Johnson, et al. | | |

'voluntary/involuntary rule.'"  People of State of Cal. By & Through Lundgren v. Keating, 986 F.2d 346, 348 (9th Cir. 1993).

> The obvious principle of [the decisions developing the voluntary/involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation . . . .

Id. (quoting Great Northern Ry. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 239-40, 62 L.Ed. 713 (1918)).  Plaintiff argues that removal on the basis of an order severing her case from non-diverse co-plaintiffs is inconsistent with her power to "determine the status [of her case] with respect to removability."  However, as Judge Bernal explained, Plaintiff did not have this power in the first instance: "That power was held by other parties who voluntarily consented to join Plaintiff's suit. Although Plaintiff benefitted from the [non-diverse] plaintiffs' power to defeat removal, it does not follow that Plaintiff ever personally held the power to defeat removal herself."  In re Johnson & Johnson Cases, 2015 WL 5050543, at *6 (C.D. Cal. Aug. 24, 2015).  Accordingly, this argument fails.

**B.     Timeliness of Removal**

Plaintiff also argues that removal is barred by 28 U.S.C. § 1446(c)(1), which provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Subsection (b)(3), in turn, provides that "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiff argues that § 1446(c)(1) applies because the action was removed under subsection (b)(3) more than one year after commencement and Plaintiff did not act in bad faith to prevent removal. As Judge Bernal noted, however, subsection (b)(3) is not the only possible basis for removal.  Because Ethicon, LLC has not been served with process, Ethicon, LLC's removal of this action is proper under subsection (b)(1).  Subsection (b)(1) provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[2]  Although the provision starting the clock at receipt "through service or

---

[2]     Judge Bernal correctly emphasized that an action may be removed under § 1446(b)(1) regardless of whether "the case stated in the initial pleading [was] removable."  In re Johnson & Johnson Cases, 2015 WL 5050543, at *7-*9.  Additionally, removal by a party that has not been formally served is permitted.  Id. at *8 n.8 (citing Watanabe v. Lankford, 684 F. Supp. 2d 1210, 1215 (D. Haw. 2010);

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-5317 PA (Ex) | Date | October 16, 2015 |
|---|---|---|---|
| Title | Sara Carmona v. Johnson & Johnson, et al. | | |

otherwise" is not a model of clarity, the Supreme Court has squarely held that a defendant's thirty days do not begin to run until service of process.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").  See also Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011) (holding that "each defendant is entitled to thirty days to exercise his removal rights after being served").  Accordingly, removal is timely pursuant to 28 U.S.C. § 1441(b)(1).

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.

---

Hutton v. KDM Transport, No. CIV. A. 14-3264, 2014 WL 3353237, at *4 (E.D. Pa. July 9, 2014)).